UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
          Plaintiff,           )
                               )      CRIMINAL
          v.                   )      ~~CIVIL~~ ACTION NO. 02-10016-DPW
                               )
BRUCE SCOTT ZISKIND            )
                               )
          Defendant.           )
_____)
```

**MEMORANDUM AND ORDER**
August 25, 2008

It has come to my attention that certain matters in this case, which has been affirmed on direct appeal, *United States v. Ziskind,* 491 F.3d 10 (1st Cir. 2007), but as to which two separate appeals remain pending, are outstanding and require my resolution. This Memorandum and Order will provide a brief explanation for my disposition of these matters.

**I.
In Connection with
First Circuit No. 06-1580**

The Court of Appeals, acting in its docket styled No. 06-1580 - opened for the defendant's appeal from my termination of his motion for new trial - has, while retaining jurisdiction, remanded the case for clarification regarding the grounds upon which I entered my February 28, 2006 Order terminating that motion. In my February 28, 2006 Order, I directed termination of

various of the defendant's *pro se* motions, including the motion for a new trial, that were filed while the direct appeal on the merits of defendant's convictions in the underlying case was pending.

The principal ground for termination was that since the defendant was represented by counsel on appeal and the new trial motion was tendered in advance of the resolution of that appeal, the defendant - as he had been cautioned on several occasions - should not have submitted and this court would not entertain his *pro se* pleadings.  In particular, a motion for a new trial filed during the pendency of the appeal necessarily implicates the question whether, under the protocol outlined in *United States v. Graciani,* 61 F.3d 70, 77-78 (1st Cir. 1995), the merits of a new trial motion may be incorporated into the pending appeal.  This is a matter at the core of representation by the defendant's appellate counsel.  That the *pro se* motion for new trial was neither fully developed nor fully briefed was evident from the defendant's *pro se* request for leave to file further briefing.  And my initial review of the basic contentions left me with the view that the motion for a new trial was without merit.  But I did not reach the merits of the *pro se* submission.  However, given the observation of the Court of Appeals, in resolving the direct appeal argued nearly a year after I had denied the motion for a new trial, that "the government presented a strong case

demonstrating that Ziskind participated in the conspiracy through 1997," *United States* v. *Ziskind*, 491 F.3d at 15, I must observe the argument on the merits for the motion for a new trial has not become stronger since it was filed.

## II.
## In Connection With 1st Cir. No. 07-2517

My review of the other pending appeal arising out of the underlying case prompts me to indicate the basis of my decision to terminate a *pro se* motion related to the appeal not acted upon before the pending appeal had been taken.  In the First Circuit docket styled 07-2517, the defendant has appealed the entry of an amended judgment and commitment order.  The amended judgment was entered in conformance with the mandate in the direct appeal. The direction of the Court of Appeals, reflected in the mandate, was that "remand [was] for the purpose of the imposition of a 60-month sentence on [Count 1]," 491 F.3d at 18, required only a ministerial act.  Under the mandate rule, I had no authority to take any other action with respect to the original judgment. Consequently, the defendant's presence for the ministerial act of amending the judgment was unnecessary.  Shortly before filing his notice of appeal from the amended judgment, the defendant filed a Motion for Correction of Sentence and Objections to Resentencing (#223) which asks me to act on the same subject matter as that which is now on appeal.  I direct the termination of that motion because the merits of the relief sought are before the Court of

Appeals in First Circuit No. 07-2517.

### III.
### Matters Unrelated to Either Pending Appeal

My review of the docket indicates the pendency of certain other *pro se* motions not related to either pending appeal. In order to insure the District Court docket is brought up to date, I will act on those motions as well. I do so on the merits because the issue of conflict with prior counsel is raised and the motions are not directly related to the pending appeals. Accordingly, after determining to (1) DENY the renewed Motion to Recuse (#216) and (2) GRANT the Motion to Seal (#218) and DENY the Motion for Hearing (#217) related to the Motion for Writ and Equitable Relief (#220), I (3) DENY the Motion for Writ and Equitable Relief, which I find to be without merit.

### IV.

The clerk shall transmit this Memorandum and Order to the Court of Appeals for docketing in their appeals numbered 06-1580 and 07-2517.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE